**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JAVIER RIZO,**

        **Petitioner,**

    v.              **CASE NO. 19-3222-SAC**

**MARTIN J. SAUERS,**

        **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

  This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee. For the reasons that follow, petitioner is directed to show cause why this matter should not be dismissed as time-barred.

**Background**

  Petitioner was convicted in the District Court of Sedgwick County, Kansas, of first-degree felony murder, three counts of aggravated battery, fleeing or attempting to elude a law enforcement officer, and battery. On August 12, 2016, the Kansas Supreme Court affirmed the convictions and dismissed petitioner's request for a departure sentence for lack of jurisdiction. *State v. Rizo*, 377 P.3d 419 (Kan. 2016).

  On November 15, 2017, petitioner filed his first petition for habeas corpus under 28 U.S.C. § 2254. Case No. 17-3198-SAC. In that petition, he stated in a footnote: "Petitioner has filed a simultaneous post-conviction petition for relief in the Kansas State Courts setting forth the unexhausted claims for purposes of exhaustion pursuant to the AEDPA. Petitioner will advise the Court when the State has ruled on the pending Petition." Case No. 17-3198, Doc. 1, p. 2,

n. 1.

On May 9, 2018, the Court directed him to submit a status report concerning the state court action that he reported filing on November 15, 2017.[1] Petitioner did not respond to that order, and the Court entered an order to show cause on June 12, 2018, directing him to show cause why the matter should not be dismissed. Petitioner did not respond to that order, and the Court dismissed the matter without prejudice on July 13, 2018.

On July 12, 2018, petitioner filed a post-conviction action in the state district court under K.S.A. § 60-1507[2]. Petitioner submitted a status report on July 16, 2018, identifying the pending state court action. The state court matter was dismissed on October 23, 2018, and it does not appear that petitioner appealed that decision.

On October 28, 2019, petitioner filed the present petition, which was sent by U.S. Mail. He dated the petition October 20, 2019.

**Discussion**

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  The date on which the impediment to filing an application created by State action in violation of

---

[1] The court has found no record of this filing in on-line records maintained by the state courts.
[2] The action was assigned Case No. 2018cv001557-IA. The Court has constructed this portion of the record by examining on-line records maintained by the state courts. *See* https://www.kansas.gov/countyCourts/search/records.

> the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recogn ized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Generally, this one-year limitation period runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). "[D]irect review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). The one-year period of limitation begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State

> post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable

evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

Here, the Kansas Supreme Court entered its ruling in petitioner's direct appeal on August 12, 2016, and the limitation period began to run on November 11, 2016, upon the expiration of the time for seeking review in the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001)(holding limitation period in § 2244(d) begins to run upon denial of certiorari review by the U.S. Supreme Court, or, where no petition for certiorari is filed, after the 90-day time for filing for such review expires). The limitation period, unless tolled, expired November 10, 2017, shortly before petitioner filed his first habeas corpus petition, Case No. 17-3198. Petitioner dated that petition on November 11, 2017[3]. It therefore appears that petitioner did not file his prior habeas corpus action within the limitation period, and there is no evidence available to show that he actually filed a state court post-conviction action in November 2017. As a result, the limitation period was not tolled, and both the earlier federal petition and the present one appear to be time-barred.

For this reason, the court is considering the dismissal of this action. Petitioner will be allowed to show cause why the dismissal should not be entered. In particular, petitioner may provide information concerning the state post-conviction action identified as a simultaneous filing with the November 2017 federal habeas

---

[3] A copy of the signature page is attached.

petition, including the date it was placed in the mail and the date of a final ruling in that matter. Likewise, petitioner may identify any ground to support equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **April 23, 2021**, to show cause why this matter should not be dismissed as time-barred. The failure to file a response may result in the dismissal of this matter without additional notice.

IT IS FURTHER ORDERED petitioner's motion for extension of time (Doc. 3) is denied.

**IT IS SO ORDERED.**

DATED:  This 23rd day of March, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge